AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

United States of America

v.

**NAMON BROWN,**

*Defendant*

Case No. 23-MJ-588

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about June 22, 2023, in the County of Monroe, in the Western District of New York, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); | Possession of a controlled substance with intent to distribute. |

This Criminal Complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

_____
Matthew Hudson, Special Agent
Homeland Security Investigations

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d) on:

Date: June 23, 2023

City and State: Rochester, New York

_____
HON. MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

NAMON BROWN,

              Defendant

23-MJ-588

STATE OF NEW YORK  )
COUNTY OF MONROE  ) SS:
CITY OF ROCHESTER  )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, MATTHEW D. HUDSON, being duly sworn, deposes and states:

### INTRODUCTION

1.  I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and have been so employed since November 2019. I am currently assigned to the HSI Buffalo Border Enforcement Security Task Force (BEST) and attached to the Greater Rochester Area Narcotics Enforcement Team (GRANET). My responsibilities include investigating violations of federal and state criminal laws, including crimes involving smuggling and narcotics trafficking. As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516, and Title 21 of the United States Code.

2. This Affidavit is submitted in support of a Criminal Complaint charging NAMON BROWN (hereafter "BROWN") with a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (Possession with Intent to Distribute Cocaine, a Schedule II Controlled Substance).

3. The facts set forth in this Affidavit are based on a review of reports completed by law enforcement agencies and conversations with law enforcement officers assigned to this investigation, including the Rochester Police Department's (RPD) Special Investigations Section (SIS) and the Greater Rochester Area Narcotics Enforcement Team (GRANET). The conclusions drawn in this Affidavit are based on my training and experience, as well as on the advice of other experienced federal, state, and local narcotics investigators. Because this Affidavit is being submitted for a limited purpose, I have not included each fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that NAMON BROWN. committed the specified offenses.

## AFFIANT'S BACKGROUND

4. I have been employed as an HSI Special Agent since November 2019. During my tenure with HSI, I have participated in numerous narcotics investigations during which I have conducted physical and wire surveillance, executed search warrants, and reviewed and analyzed recorded conversations and records of drug traffickers and money launderers. Through my training, education, and experience (including debriefing cooperating drug traffickers and money launderers, monitoring wiretapped conversations of drug traffickers and money launderers, and conducting surveillance on numerous occasions of individuals engaged in drug trafficking and money laundering), I have become familiar

with the manner in which illegal drugs are imported, stored, transported, and distributed, the method of payment for such drugs, the various ways drug money is laundered, and the efforts used by persons involved in such activities to avoid detection by law enforcement. Through my experience I have also learned that narcotics traffickers and drug dealers frequently arm themselves with firearms as a means of protecting themselves, their narcotics, and proceeds from narcotics sales, as well as for other purposes related to their narcotics trafficking activities. As a result of this background, I am familiar with how controlled substances are obtained, packaged, distributed, sold, and used in drug distribution networks. My investigative experience detailed herein, and the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein.

## FACTS ESTABLISHING PROBABLE CAUSE

5. On or about June 21, 2023, the Honorable Charles Schiano, Monroe County Supreme Court Judge, issued a lawful New York State search warrant for 280 E. Broad Street, Apartment 901, in Rochester, New York (hereafter the "Subject Premises").

6. On or about June 22, 2023, at approximately 5:00 a.m., the RPD Special Weapons and Tactics (SWAT) team and SIS investigators executed the warrant at the Subject Premises. Shortly after making entry into the Subject Premises, SWAT team members encountered BROWN in the bed of the master bedroom. BROWN was detained by SWAT team members while the residence was subsequently searched by SIS investigators. This search warrant was part of a long term narcotics investigation. Through the use of various investigative techniques, including vehicle trackers, video and physical surveillance, the

investigative team had learned that BROWN had used this location as his principal residence since approximately January 2023.

7. During a search of the top drawer of the tall dresser in the corner of the master bedroom, investigators discovered one knotted, plastic sandwich bag containing approximately 102.7 grams of cocaine, to include packaging, and approximately $15,162 in United States currency. The cocaine recovered from the top drawer of the tall dresser in the corner of the master bedroom was field tested and returned a positive result for the presence of cocaine.

8. During a search of the floor of the master bedroom, next to the bed in which BROWN was sleeping, investigators discovered one knotted, plastic sandwich bag containing approximately 36.5 grams of cocaine located within a black-colored bag. During a search of the pockets of BROWN's gray-colored sweatpants located on the floor of the master bedroom, investigators found a dark-colored wallet containing bank and credit cards bearing BROWN's name as well as a large quantity of U.S. currency wrapped in a rubber band. The cocaine recovered from the black-colored bag located on the master bedroom floor next to BROWN's bed was field tested and returned a positive result for the presence of cocaine.

9. During a search of the clothes drawer located near the bed in the master bedroom, investigators discovered various mail items, paperwork, and prescription pill bottles, all bearing BROWN's name.

10. During a search of the guest bedroom, investigators discovered various drug paraphernalia, to include a digital scale and orange-tinted plastic vials located inside a pink and black-colored cooler bag. BROWN was subsequently detained and transported to the Public Safety Building in Rochester, New York.

11. Based on my training and experience, the amount of cocaine that was seized, the scale, the packaging materials, and the United States currency, your Affiant believes the defendant possessed the above-described cocaine with the intent to distribute it, as opposed to personal use.

## CONCLUSION

**WHEREFORE,** based on the above information, I submit there is probable cause to believe that on or about June 22, 2023, in the City of Rochester, in the Western District of New York, the defendant, NAMON BROWN, violated Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) (Possession with Intent to Distribute Cocaine, a Schedule II Controlled Substance).

_____
MATTHEW D. HUDSON
Special Agent
Homeland Security Investigations

Affidavit and Criminal Complaint Submitted electronically
by email in .pdf format. Oath administered, and contents
and signature, attested to me as true and accurate
telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d)
on June 23, 2023.

_____
HON. MARK W. PEDERSEN
United States Magistrate Judge
Western District of New York